# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRANDON IRVING NICHOLS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-24-983-HE |
| ) | |
| TURNKEY MEDICAL, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding pro se, brings this action alleging violations of his federal constitutional rights while imprisoned at the Wood County Detention Center in Quitman, Texas. This matter has been referred by United States District Judge Joe Heaton for proposed findings and recommendations consistent with 28 U.S.C. § 636(b)(1)(B)-(C). For the reasons set forth below, the undersigned Magistrate Judge recommends that the action be transferred to the United States District Court for the Eastern District of Texas.

## I. Plaintiff's Claims

Upon initial review of Plaintiff's Complaint, Doc. 1, the Court ordered Plaintiff to file an amended complaint that followed the general rules of pleading set out in Federal Rule of Civil Procedure 8. Doc. 5. Plaintiff timely filed his Amended Complaint. Doc. 9.[1]

---

[1] The Court also ordered Plaintiff either to pay the full $405.00 filing fee or to submit an application for leave to proceed in forma pauperis. Doc. 4. Plaintiff timely filed an application for leave to proceed in forma pauperis, Doc. 9, which remains pending.

Having reviewed the Amended Complaint, it is evident that Plaintiff's claims arise from alleged incidents at the Wood County Detention Center in Texas.

## II.   Screening

A court must review complaints filed by prisoners who seek redress from governmental entities or officers or employees of a governmental entity. 28 U.S.C. § 1915A(a). As part of this obligation, a court may sua sponte consider whether venue is proper "when the defense is obvious from the face of the complaint and no further factual record is required to be developed." *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (internal quotation marks omitted); *see also Ballard v. Anderson*, 859 F. App'x 338, 338-39 (10th Cir. 2021) (affirming a district court's consideration of venue on a § 1915A screening).

A "court acting on its own motion[] may raise the issue of whether a change of venue would be in the interest of justice." *Love's Travel Stops & Country Stores, Inc. v. Oakview Constr., Inc.*, CIV-10-235-D, 2010 WL 4811450, at *6 (W.D. Okla. Nov. 19, 2010) (citing *Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1545 (10th Cir. 1996); *Trujillo*, 465 F.3d at 1222). Even if the venue chosen by a plaintiff is proper, a court "may transfer any civil action to any other district or division where it may have been brought" "[f]or the convenience of the parties and witnesses" and "in the interests of justice." 28 U.S.C. § 1404(a).

When determining whether a transfer of venue is convenient and in the interest of justice, a court generally considers the following factors:

      the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991) (internal quotation marks omitted). But "[t]he convenience of witnesses is the most important factor" when considering whether to transfer under § 1404(a). *Emps. Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1169 (10th Cir. 2010). Ultimately, § 1404(a) "is intended to place discretion in the district court to adjudicate . . . transfer[s] according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (internal quotation marks omitted).

### III. Analysis

      "[T]he term 'venue' refers to the geographic specification of the proper court or courts for the litigation of a civil action." 28 U.S.C. § 1390(a). The proper venue for Plaintiff's action is in the "judicial district in which any defendant resides" or the "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." *Id.* § 1391(b)(1), (2).

      Here, Plaintiff alleges his constitutional rights were violated in the Wood County Detention Center. He brings suit against Captain Louis Dahlman, who is employed at the Wood County Detention Center. Am. Compl. at 5. He also brings suit against TurnKey Medical and lists that entity's address as Oklahoma City, Oklahoma. *Id.* Plaintiff's claims

3

against TurnKey Medical, however, arise out of treatment he received at the Wood County Detention Center. The Wood County Detention Center is in Quitman, Texas, which is located within the territorial jurisdiction of the Tyler Division of the United States District Court for the Eastern District of Texas. *See* 28 U.S.C. § 124(c)(1).

Defendant Dahlman is employed by the Wood County Detention Center and presumably resides in the Eastern District of Texas. Likewise, those employees of the Wood County Detention Center and/or TurnKey Medical who were involved in Plaintiff's medical care and conceivably would be witnesses at any hearing involving Plaintiff's claims presumably reside in the Eastern District of Texas. And Plaintiff's claims arise from alleged incidents in the Eastern District of Texas. Given this, a transfer to the Eastern District of Texas "not only would enhance the convenience of the parties and the witnesses, but also advance the interest of justice." *Anderson v. Wilkinson*, CIV-15-1224-W, 2016 WL 324979, at *2 (W.D. Okla. Jan. 27, 2016); *see also Pink v. Harpe*, CIV-24-969-J, 2024 WL 4524812, at *2 (W.D. Okla. Oct. 18, 2024) (finding the interest of justice and convenience favored transfer under § 1404(a) when defendants presumably resided and events underlying plaintiff's claims occurred in a different venue).

### IV. Recommendation and Notice of Right to Object

For the foregoing reasons, the undersigned recommends that the Court **TRANSFER** this action, with all pleadings filed in this Court, to the Tyler Division of the United States District Court for the Eastern District of Texas pursuant to 28 U.S.C. § 1404(a).

Plaintiff is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of this Court by November 25,

2024.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  Failure to object timely to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 4th day of November, 2024.

_____
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE