UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:24-cv-00446

**Brandon Irving Nichols,**
*Plaintiff,*

v.

**Louis Dahlman et al.,**
*Defendants.*

**O R D E R**

Plaintiff Brandon Irving Nichols, an inmate of Wood County Detention Center proceeding pro se and in forma pauperis, filed this civil-rights complaint against defendants Louis Dahlman and Turn Key Medical. Docs. 1, 21. The case was transferred to this court and referred to a magistrate judge. Doc. 15.

The magistrate judge, finding that plaintiff's amended complaint was deficient, ordered him to file a second amended complaint. Doc. 17. Plaintiff did so. Doc. 21. The magistrate judge screened the second amended complaint under the Prison Litigation Reform Act and 28 U.S.C. §§ 1915A and 1915(e)(2). She then issued a report and recommendation stating that the complaint "lacks any arguable basis in law or fact." Doc. 22 at 5. The report recommended dismissing the complaint as frivolous and for failure to state a claim upon which relief can be granted. *Id.* Plaintiff timely filed two sets of objections. Docs. 24, 25.

The court reviews the objected-to portions of a magistrate judge's report and recommendation de novo. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. Unit B 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). When there have been no timely objections to a report, or the

objections are improper, "the court need only satisfy itself that there is no clear error on the face of the record." Fed. R. Civ. P. 72(b), advisory committee's notes to 1983 amendment.

Most of plaintiff's objections are conclusory and need not be considered by the court. Plaintiff seems to object, however, that his complaint states a violation of his rights under the State Treaties Clause, the Compact Clause, and the Eleventh Amendment. Doc. 25 at 2–3; U.S. Const. art. I, § 10, cls. 1, 3 & amend. XI. The court disagrees. The Eleventh Amendment protects states' sovereign immunity, not an individual right. And plaintiff has alleged no facts that show a state violated the State Treaties Clause or the Compact Clause—much less that a state, in doing so, violated his civil or constitutional rights. At bottom, plaintiff seems to take issue with Turn Key viewing his medical records and providing medical care at the Wood County Detention Center. But the facts plaintiff alleges do not show a violation of plaintiff's civil or constitutional rights.

Having reviewed the magistrate judge's report de novo and being satisfied that there is no error, the court overrules plaintiff's objections and accepts the report's findings and recommendations. The case is dismissed with prejudice as frivolous and for failure to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915A(b), 1915(e)(2).

*So ordered by the court on October 7, 2025.*

J. CAMPBELL BARKER
United States District Judge